# Third District Court of Appeal

## State of Florida

Opinion filed July 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0839
Lower Tribunal No. 23-15113-CA-01
_____

**Janet L. Schmidt, et al.,**
Petitioners,

vs.

**Stokes McMillan Antúnez Martinez-Lejarza P.A.,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Janet L. Schmidt (Dagsboro, DE), for petitioners.

Stokes McMillan Antúnez Martinez-Lejarza P.A., and Kimberly A. Martinez-Lejarza, for respondent.


Before SCALES, C.J., and GORDO and LOBREE, JJ.

SCALES, C.J.

Petitioners[1] seek certiorari review of an April 16, 2026 post-judgment order ("Order") that, inter alia, requires Petitioners to provide to Respondent[2] discovery in aid of execution pursuant to Florida Rule of Civil Procedure 1.560(c).[3] We grant the petition and quash this aspect[4] of the Order because

---

[1] Petitioners are Janet L. Schmidt, individually, and John R. Fersntrom, as Trustee of the Whiteacre Asset Trust. Ms. Schmidt is a member of the Florida Bar and is representing both herself and Trustee Fernstrom.

[2] Respondent is Stokes McMillan Antúnez Martinez-Lejarza P.A.

[3] Rule 1.560(c) provides:

> (c) **Final Judgment Enforcement Paragraph**. In any final judgment, the judge must include the following enforcement paragraph if requested by the prevailing party or attorney:
>
> "It is further ordered and adjudged that the judgment debtor(s) must complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed.
>
> Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtor(s) to complete form 1.977, including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney."

[4] The Order also denied Petitioners' separately filed motion to compel Respondent to execute a satisfaction of the Confirmation Judgment. Petitioners do not challenge, in this petition, the Order's denial of this motion.

the amount liquidated by the underlying judgment to which the Order is directed had been paid at the time the Order was entered.

## I. Relevant Background

On October 9, 2025, the trial court entered a final judgment ("Confirmation Judgment") that (i) confirmed an arbitration award by the American Arbitration Association, (ii) entered a money judgment against Petitioners in the amount of $176,833.59, (iii) found that, pursuant to both the parties' contract and section 682.15(3) of Revised Florida Arbitration Code, Respondent was entitled to recover its attorney's fees and costs incurred in litigating Petitioners' opposition to the arbitration award, and (iv) reserved jurisdiction to enter a future judgment setting the amounts of attorney's fees and costs.[5]

The Confirmation Judgment also, pursuant to rule 1.560(c), ordered Petitioners to complete and serve on Respondent a Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), together with the documents specified in the form (collectively with the Fact Information Sheet, "Rule 1.560 Discovery"). Rule 1.560(c) provides a mechanism for including, within a judgment, a self-executing order that requires a judgment debtor to

---

[5] Petitioners have appealed the Confirmation Judgment, and that appeal (appellate case number 3D25-2345) remains pending in this Court.

provide Rule 1.560 Discovery to the judgment creditor "within 45 days from the date of this final judgment, *unless the final judgment is satisfied* or post-judgment discovery is stayed." Fla. R. Civ. P. 1.560(c) (emphasis added).

On November 20, 2025, forty-two days after the Confirmation Judgment's entry, Petitioners paid Respondent $178,787.67 – i.e., the money judgment included in the Confirmation Judgment, plus additional, accrued post-judgment interest through the date of payment. Despite Petitioners doing so, Respondent, on December 2, 2025, moved to compel Petitioners to provide the Rule 1.560 Discovery ordered in the Confirmation Judgment ("Discovery Motion").[6]

On April 16, 2026, the trial court conducted a hearing on Respondent's Discovery Motion. Notwithstanding that the Discovery Motion was directed toward the discovery ordered in the Confirmation Judgment and Petitioners

---

[6] On February 19, 2026, Respondents filed a motion below to have the trial court set the amount of Respondent's attorney's fees and costs contemplated by the Confirmation Judgment ("Fees Motion"). On March 16, 2026, the trial court conducted a hearing on Respondent's Fees Motion and entered a judgment ("Fees Judgment") that liquidated the amount of attorney's fees and costs contemplated by the Confirmation Judgment, awarding Respondent $51,884.32, plus post-judgment interest. On April 20, 2026, thirty-five days after entry of the Fees Judgment, Petitioners paid Respondent $52,215.23 – i.e., the sum awarded in the Fees Judgment that liquidated the amount of attorney's fees and costs contemplated by the Confirmation Judgment, plus additional, accrued post-judgment interest through the date of payment.

had fully paid all amounts awarded in the Confirmation Judgment within rule 1.560(c)'s forty-five day period, the trial court entered the challenged Order. Petitioners immediately thereafter filed the instant certiorari petition in this Court.[7]

## II. Analysis

Petitioners argue that the trial court departed from the essential requirements of the law by compelling them to provide Respondent with the Rule 1.560 Discovery ordered in the Confirmation Judgment. Petitioners assert that no legal basis existed to enter the Order because, when the trial court entered the Order, Petitioners – within the forty-five day period expressly prescribed by rule 1.560(c) – already had paid all amounts owed under the Confirmation Judgment.

### A. Irreparable Harm

Before we reach the merits of Petitioners' arguments, we must first determine whether we have certiorari jurisdiction to adjudicate the petition. See DNP Consulting, LLC v. Miami-Dade Police Dep't, 390 So. 3d 46, 47 (Fla. 3d DCA 2023). Specifically, we must determine whether the Order, if

---

[7] Petitioners also sought stay relief in the trial court. Upon being informed that there are no outstanding liquidated amounts due under either the Confirmation Judgment or the Fees Judgment, the trial court, pending this Court's review of the petition, stayed that portion of the Order requiring Petitioners to provide the Rule 1.560 Discovery.

wrongly entered, resulted in material injury to Petitioners that could not be remedied upon plenary appeal, commonly referred to as irreparable harm. Id.

The Order compels Petitioners to complete Form 1.977(a)[8] and provide the Rule 1.560 Discovery to Respondent, their litigation adversary. Form 1.977(a) requires an individual judgment debtor to disclose his or her social security number, certain assets and income sources, and to produce an exhaustive schedule of otherwise confidential financial documents, including tax returns, pay stubs, bank statements, and financial statements. In light of the scope and content of the compelled discovery, we have little difficulty determining that, if the Order was entered in error, Petitioners will suffer irreparable harm by having to produce otherwise non-discoverable Rule 1.560 Discovery.[9] Because the Order is post-decretal, obviously any error in its entry cannot be remedied upon plenary appeal.

---

[8] Form 1.977(a) is for judgment debtors who are individuals; Form 1.977(b) is for entity judgment debtors.

[9] See Team Richco, LLC v. Rapid Sec. Sols., LLC, 290 So. 3d 629, 631 (Fla. 2d DCA 2020) ("The partial judgment results in irreparable injury where it authorizes execution prior to the entry of a final, appealable order."); Gibson v. Progress Bank of Fla., 54 So. 3d 1058, 1061 (Fla. 2d DCA 2011) ("With regard to irreparable harm, 'personal finances are among those private matters kept secret by most people.' Again, because the final judgment is void, the Petitioners would suffer irreparable harm if forced to disclose their personal financial information." (quoting Woodward v. Berkery, 714 So. 2d

6

*B. Departure From the Essential Requirements of the Law*

Rule 1.560(c) and Form 1.977(a) are discovery mechanisms crafted to enable a judgment creditor to easily identify and execute on assets and income of a judgment debtor *to satisfy amounts awarded* in an executable judgment. Here, Petitioners paid the liquidated amount set forth in the Confirmation Judgment within rule 1.560(c)'s prescribed forty-five day period. In doing so, they plainly "satisfied" the Confirmation Judgment as contemplated in rule 1.560(c) and, therefore, at the time the Order was entered, there was no basis for requiring Petitioners to provide Rule 1.560 Discovery.[10]

---

1027, 1035 (Fla. 4th DCA 1998))); cf. Tallo v. Illes, 342 So. 3d 735, 737 (Fla. 3d DCA 2022) (concluding that a judgment creditor's failure to lay the proper predicate for seeking financial discovery from the judgment debtor's spouse "was a departure from the essential requirements of law and, because it involved financial discovery, irremediable on appeal").

[10] Relying heavily on Earl W. Johnston Roofing, LLC v. Hernandez, 296 So. 3d 925 (Fla. 4th DCA 2020), Respondent asserts that the Confirmation Judgment was not "satisfied" as contemplated in rule 1.560(c) because the Confirmation Judgment included language granting it entitlement to fees and retained jurisdiction to liquidate those fees. Respondent argues that, because a future monetary award was inevitable, Petitioners' payment of all amounts ordered in the judgment is irrelevant, and it was entitled to the Rule 1.560 Discovery ordered in the Confirmation Judgment.

Hernandez, though, is inapplicable to this case. Hernandez held that a trial court erred by discharging a mechanic's lien when outstanding

7

A liquidated award of attorney's fees constitutes an executable judgment, see FCCI Com. Ins. Co. v. Empire Indem. Ins. Co., 250 So. 3d 858, 861 (Fla. 2d DCA 2018), and post-judgment discovery may be had by virtue of such an order. See Dopico-Cab v. Dopico-Cab, 434 So. 2d 30, 31 (Fla. 3d DCA 1983). But an order that merely grants entitlement to attorney's fees – without determining the amount of fees due – is not an executable judgment; it is a non-final, non-appealable order. See Yampol v. Turnberry Isle S. Condo. Ass'n, 250 So. 3d 835, 837 (Fla. 3d DCA 2018).

By virtue of Petitioners' full payment of all sums awarded in the Confirmation Judgment, this judgment was essentially reduced to a non-final, non-executable, fee entitlement order. Rule 1.560 Discovery is premature under such an order because the order awards no sums upon which the judgment creditor can execute, levy or garnish. In sum, as expressed in the unambiguous text of the rule, rule 1.560(c)'s purpose

---

attorney's fees – expressly made part of the lien pursuant to section 713.29 – remained unpaid. Id. at 932. Hernandez does not concern rule 1.560(c) or its clear and unambiguous language excusing a judgment debtor from the requirements of providing Rule 1.560 Discovery upon satisfaction of the judgment. To whatever extent Hernandez may be instructive, as we note in footnote 4, *supra*, Petitioners do not challenge that part of the Order denying Petitioners' motion to require Respondent to execute a satisfaction of the Confirmation Judgment.

evaporates upon the satisfaction of the amounts due under the judgment incorporating the rule.

### III.   Conclusion

We conclude that the trial court departed from the essential requirements of the law, and Petitioners suffered irreparable harm, when the trial court compelled Rule 1.560 Discovery directed toward the Confirmation Judgment that had been timely satisfied as contemplated in rule 1.560(c). Thus, we quash that portion of the Order requiring Petitioners to complete Rule 1.560 Discovery. See Hare v. McLaughlin, 431 So. 3d 1030, 1032 (Fla. 4th DCA 2026) (granting certiorari and quashing that portion of a non-final, non-appealable partial final judgment that authorized execution and required the judgment debtor to complete a fact information sheet).

Petition granted; Order quashed, in part.